**NOT FOR PUBLICATION**



FILED

FEB 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HUNG NGOC HOANG, AKA Nghia Van Le; KIM HUE THI AU, AKA Minh Thien Thi Nguyen, <br><br> Petitioners, <br><br> v. <br><br> ROBERT M. WILKINSON, Acting Attorney General, <br><br> Respondent. | No.   19-72953 <br><br> Agency Nos.      A098-251-990 <br> A098-251-991 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2021[**]
San Francisco, California

Before:  SILER,[***] RAWLINSON, and BUMATAY, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Petitioners Hung Ngoc Hoang and Kim Hue Thi Au, husband and wife, are natives and citizens of Vietnam. They petition for review of the Board of Immigration Appeals' (BIA) denial of their motion to reopen their immigration proceedings. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review the BIA's denial of the motion to reopen for an abuse of discretion, and we deny the petition. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir. 2020),

The immigration court was not deprived of jurisdiction over petitioner's immigration proceedings. *See Aguilar Fermin*, 958 F.3d at 894-95 (holding that "the lack of time, date, and place" in a notice to appear "did not deprive the immigration court of jurisdiction" when that information was subsequently provided and permitted an appearance).

The BIA did not abuse its discretion when denying Petitioners' motion as untimely. Petitioners were not entitled to equitable tolling because they failed to act with diligence, not seeking legal advice during a five and one-half year interval. *See Bonilla v. Lynch*, 840 F.3d 575, 583 (9th Cir. 2016), *as amended* (upholding a

2

finding of lack of diligence due to "a six year gap . . . in [the petitioner's] pursuit of legal advice").[1]

**PETITION DENIED.**

---

[1]Because the BIA's denial of the motion to reopen precluded consideration of the merits of Petitioners' claims, they are not properly before us on appeal. *See Toufighi v. Mukasey*, 538 F.3d 988, 995 (9th Cir. 2008) (explaining that "our jurisdiction is limited to review of the [BIA's order] denying the motion to reopen").